THE TOWNSHIP OF HADDON, complainant,

*v.*

JOHN M. LOEFFLER, defendant.

[Heard and determined June 23d, 1924.]

**Contempt of Court—Obedience of Its Decrees—Punishment— Adequacy of Fine—Necessity of Imprisonment.**

On contempt, &c.

*Mr. Walter S. Keown* and *Mr. George Rothemal*, for the complainant.

*Mr. Charles W. Letzgus*, for the defendant.

LEAMING, V. C. (orally).

Mr. Loeffler long ago made up his mind that he wouldn't obey this decree, and he has been sticking to that determination stubbornly. There is no question about that. I can see the workings of his mind from the beginning to the end. It has been a determination not to do it, and he is now less determined than before only because he has seen the dangers ahead; but what he has done he took a chance on; he did as little as he dare do and took a chance on it.

If there is anything I regret to do it is to put a man in jail, but the situation is like a criminal judge pronouncing sentence on a man that has been convicted of a crime—the law has got to be enforced no matter how disagreeable it is, and the judge has got to enforce it. If, when the court of chancery makes a solemn decree, as the chancellor did in this case, directing the defendant to do certain definite and defined acts, the defendant must do it, otherwise the decrees of the court of chancery would be of no force or value. The courts of the land could not exist, government could not continue, unless the judgments and decrees of the courts were obeyed, and the only way to enforce their obedience is to punish people who stubbornly refuse to obey them. It is for that reason it becomes my duty to punish this man for contempt, because he is in contempt, there is no doubt about that. He has not only failed to obey the decree of the court, but, in my opinion, he has stubbornly refused to obey it with a fixed determination that he would not obey it, and when he finally found that unless he did change his attitude he would probably be sent to jail; after I told him I would extend his time for performance a week, he made an effort, I suppose, to make it appear that he had undertaken to do the work which he understood he was obliged to do. But the evidence shows he didn't do it; he didn't do it right; and by not doing it right it wasn't done at all; so the decree has been no more obeyed at this time than it was last Saturday. An imperfect obedience of the decree cannot satisfy it, it must be obeyed and obeyed fully, and it is just as important that it be obeyed fully as it is that it be obeyed at all, because partial obedience

is not obedience in any real sense; so I don't know how I can perform my duty but by punishing this man for contempt, and the only punishment for contempt, it seems to me, that is adequate, is imprisonment. It may be that a fine would be adequate. I want to inquire of the engineer the approximate cost of finishing this work from where it was left by Mr. Loeffler to the time it is finished properly, the cost it will take to finish it from where he left it last Thursday.

Mr. Remington—$200 will cover it.

The Court—Well, I will take this responsibility in not pronouncing a prison sentence at this time; I will postpone the further consideration of this case until next Monday, and my direction is that the township committee hand to Mr. Letzgus a statement of what it has cost to finish this work as soon as it is finished, which I understand will be in a very short time, and if that is paid by the defendant by next Monday I will treat it, with doubtful right, perhaps, as a discharge of the contempt, otherwise I shall pronounce a sentence. That will be all.